UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KANSAS CITY LIFE INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-12-3080 |
| MAHMOOD KACHO, | § § § | |
| *Defendant*. | § | |

ORDER

Pending before the court is plaintiff Kansas City Life Insurance Company's ("Kansas City Life") motion for the entry of default judgment against defendant Mahmood Kacho. Dkt. 9. The Court, having considered the motion, the attached affidavits, and the applicable law, is of the opinion that the motion should be GRANTED and that a default judgment should be ENTERED.

I. BACKGROUND AND ANALYSIS

On December 2, 2010, Kacho applied for a life insurance policy with Kansas City Life. Dkt. 1-2. Kacho stated that his income was $345,000.00 and that he had not been treated or arrested for the use of alcohol. *Id.* Kansas City Life alleges that it issued a life insurance policy to Kacho, relying on the information Kacho provided. Dkt. 1. Kansas City Life, however, later learned that the address Kacho provided when he applied for the policy was a closed or condemned hotel that had been abandoned and that other representations Kacho made on his applications were likely not true. Dkt. 9-5. Due to these issues, on April 27, 2011, Kansas City Life sent Kacho a letter rescinding the policy.[1] Dkt. 1-3.

---

[1] In the letter, Kansas City Life noted that Kacho's stated income had been called into question because his stated residence is a motel, which he does not own, and he had collection

On October 16, 2012, Kansas City Life filed a complaint for rescission and declaratory judgment in this court, seeking a declaratory judgment stating that (1) Kacho made false statements on his insurance application that were material to the risk; (2) the policy was void ab initio; (3) Kansas City Life was entitled to rescind the policy; and (4) Kansas City Life cannot be liable under the policy. Dkt. 1. Kansas City Life attempted to serve Kacho at the hotel listed as his residence on the insurance policy application and at a motel in Livingston that he listed as his residence in another policy with Kansas City Life. Dkt. 3. The address in Houston was a condemned hotel, and the building was closed and fenced off at the street. Dkt. 3-3. The address in Livingston was a deserted, fenced, chained, and padlocked motel. Dkt. 3-2. Kansas City Life attempted to find Kacho by contacting his daughter in North Carolina. Dkt. 3-4. Kacho's daughter, however, stated that she had not "talked to him recently and [that] he is a fraud." *Id.* Kansas City Life's counsel's opinion is that Kacho is a transient. *Id.*

Because Kansas City Life exercised due diligence in serving Kacho but was unable to do so, the court ordered that Kacho be served by publication. Dkt. 7. The citation in this matter was published in the *Houston Chronicle* once a week for four consecutive weeks. Dkt. 8. The publication warned that if Kacho failed to respond that judgment by default would be entered against him. Dkt. 8. Kacho never answered or otherwise appeared. Kansas City Life thus filed a motion for entry of default. Dkt. 9.

---

actions against him for unpaid medical bills and credit accounts that were closed by the creditor. *Id.* Additionally, Kansas City Life noted that Kacho had been ordered to undergo substance abuse treatment as part of a monitored release program, so his response to whether he had been treated for his use of alcohol was likely untrue. *Id.* Kansas City Life stated that if it had had this information when it issued the policy, it would not have done so. *Id.*

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5. Here, Kansas City Life sent the motion for default via certified mail, return receipt requested to both of the addresses it had for Kacho, as required by the local rules. Dkt. 10. Kacho has not responded. Kansas City Life's motion for the entry of default (Dkt. 9) is therefore GRANTED.

## II. CONCLUSION

Given Kacho's failure to answer the complaint in a timely manner or otherwise respond to this lawsuit, the court has the authority to accept all well-pleaded facts in Kansas City Life's complaint as true and to award the relief sought by Kansas City Life in this action. Kansas City Life's motion for the entry of default judgment is therefore GRANTED. The court will enter a final default judgment concurrently with this order.

Signed at Houston, Texas on July 12, 2013.

_____
Gray H. Miller
United States District Judge